United States District Court
Southern District of Texas
**ENTERED**
May 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELOISA NOHEMI REYES, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CRIM. ACTION NO. 2:23-CR-00522-3 |
| | § | CIVIL ACTION NO. 2:25-CV-00317 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MEMORANDUM OPINON AND ORDER DENYING PETITIONER'S
MOTION UNDER 28 U.S.C. § 2255**

Pending before the Court is Petitioner Eloisa Nohemi Reyes' *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (D.E. 433), to which the United States of America filed a motion for summary judgment, (D.E. 484).[1] For the reasons stated below, the Court **GRANTS** the United States' motion for summary judgment, (D.E. 484), and **DENIES** Petitioner's § 2255 motion. (D.E. 433).

**I. Background[2]**

**A. Factual**

Petitioner was a member of a large-scale Human Smuggling Organization ("HSO"). (D.E. 215, p. 4). Petitioner received the proceeds for human smuggling and distributed payments to the other co-conspirators involved in the HSO. *Id.* at 5. She was directly involved with the movement of undocumented aliens throughout the Rio Grande Valley. *Id.* She further instructed other co-conspirators involved with the HSO on how and when to move the undocumented aliens. *Id.*

On May 21, 2022, Petitioner's HSO smuggled four undocumented aliens via airplane. *Id.* at 8. Petitioner coordinated the movement of the undocumented aliens from the stash house to the

---

[1] Docket entries refer to the criminal case, 2:23-cr-00522-3, *United States of America v. Reyes*.
[2] The Court relies on the facts contained in the unrebutted PSR, (D.E. 215), which the Court adopted at sentencing, *see* (D.E. 464, p. 14–15).

airplane. *Id.* On May 22, 2022, Petitioner, again, participated in a smuggling event. *Id.* Petitioner coordinated and oversaw the undocumented aliens drop off at a rental vehicle in the Rio Grande Valley. *Id.*

On October 19, 2023, Department of Homeland Security Investigations ("HSI") agents executed a search warrant on a co-conspirator's cellphone. *Id.* at 10. This search revealed numerous conversations between Petitioner and another co-conspirator coordinating several other smuggling attempts. *Id.*

**B. Procedural**

Petitioner was charged in a one-count indictment with conspiracy to transport undocumented aliens. (D.E. 1, p. 1). She pled guilty pursuant to a written plea agreement. (D.E. 161).

At her May 30, 2024 rearraignment hearing before Magistrate Judge Jason Libby, Petitioner testified under oath that she and her counsel had discussed how her sentence would be calculated under the Sentencing Guidelines and that she understood she faced a maximum of ten years in prison. (D.E. 469, p. 32–33, 37). Petitioner stated that no one had threatened or forced her to plead guilty or promised her leniency other than what was written in her written Plea Agreement. *Id.* at 37.

Magistrate Judge Libby accepted Petitioner's guilty plea after being satisfied that she was competent to enter a plea, there was a factual basis for the plea, she understood the consequences of entering a plea, and that she was voluntarily and knowingly pleading guilty. *Id.* at 59. He then ordered the Probation Office to prepare a Presentence Investigation Report and filed Findings and Recommendations on Plea of Guilty. *Id.* at 59–60. Petitioner did not object to Magistrate Judge Libby's findings, which were accepted by this Court. (D.E. 176).

The Presentence Investigation Report ("PSR") calculated Petitioner's base offense level at 12. (D.E. 215, p. 11). Nine levels were then added for transporting over one hundred or more undocumented aliens. *Id.* Four levels were added for smuggling of an unaccompanied minor, and two levels were added for intentionally or recklessly creating a substantial risk of death or serious bodily injury. *Id.* at 11–12. Petitioner received a three-level increase for her role in the offense as a manager or supervisor in the conspiracy. *Id.* at 12. Petitioner also received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 27. *Id.* With a criminal history category of I, her advisory guideline range was 70 to 87 months. *Id.* at 15.

The Court sentenced Petitioner on March 3, 2025. March 3, 2025 Minute Entry. Petitioner's Counsel filed objections to the PSR, (D.E. 318), which the Court overruled, adopting the PSR without change. (D.E. 464, p. 9, 13–15). The Government recommended a sentence at the bottom of the Guidelines range based on the enhancements and the resulting collateral consequences. *Id.* at 15. The Court ultimately varied below Petitioner's guideline range based on her waiver of her right to appeal, lack of criminal history, and to avoid disparity in sentencing with co-defendants, sentencing her to 60 months imprisonment. *Id.* at 19.

The Court entered judgment on March 4, 2025. (D.E. 345). Petitioner filed the present motion under 28 U.S.C. § 2255 on December 1, 2025. (D.E. 433). It is timely. *See* 28 U.S.C. § 2255(f)(1).

## II. Petitioner's Allegations

Petitioner argues she received ineffective assistance of counsel on three grounds:
(1) Counsel's failure to investigate the facts of the case;
(2) Counsel's failure to advise Petitioner; and
(3) Counsel's failure to competently object to the PSR.

(D.E. 434, p. 4–5).

### III. Legal Standards

#### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

#### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *United States v. Willis*, 273 F.3d 592, 597–98 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Willis*, 273 F.3d at 598. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance

4 / 11

after conviction or adverse sentence." *Id.* at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Before deciding whether to plead guilty, a defendant is entitled to "the effective assistance of competent counsel." *Padilla v. Kentucky*, 559 U.S. 356, 364–65, (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970), and citing *Strickland*, 466 U.S. at 686). *Strickland's* two-part analysis applies to claims of ineffective assistance of counsel in this context. *E.g.*, *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). During this stage of a proceeding, the Supreme Court has reiterated that counsel has "the critical obligation . . . to advise the client of 'the advantages and disadvantages of a plea agreement.'" *Padilla*, 559 U.S. at 370 (citing *Libretti v. United States*, 516 U.S. 29, 50–51 (1995)). "It is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly," and the "lawyer must actually and substantially assist his client in deciding whether to plead guilty." *United States. v. Cavitt*, 550 F.3d 430, 440 (5th Cir. 2008) (quoting *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974)). "It is his job to provide the accused an understanding of the law in relation to the facts." *Id.* "The advice he gives need not be perfect, but it must be reasonably competent." *Id.* In this context, the prejudice prong requires the prisoner to demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988) (quoting *Hill*, 474 U.S. at 59). "The test is objective; it turns on what a reasonable person in the defendant's

shoes would do." *Id.* at 209; *accord Padilla*, 559 U.S. at 372 ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

## IV. Analysis

### A.  Ground 1: Counsel's Failure to Investigate the Facts of the Case

Under *Strickland*, a petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the [case]." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985)); *see United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014). Here, Petitioner contends Counsel "failed to conduct an adequate investigation of the facts of the case." (D.E. 433, p. 16); (D.E. 434, p. 4). Petitioner, however, "has failed to suggest with specificity what exculpatory evidence could have been uncovered by a more thorough investigation by [her] counsel, and has failed to show that counsel's [purported] failure to follow up on [her] leads was unreasonable." *See Green*, 882 F.2d at 1002.

Petitioner further contends that had Counsel "called [Petitioner's] brother [and co-defendant], Marvin Antonio Reyes, as a witness at the sentencing hearing, Mr. Reyes would have confirmed that [Petitioner] was a low-level participant in the conspiracy and was certainly not a manager or other leader of the conspiracy." (D.E. 434, p. 7–8).

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because of allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978) (citations omitted). Counsel's presentation of witness testimony is considered a strategical choice and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir 1985). A petitioner must overcome a strong presumption that their trial counsel's decision not to call a particular witness was a strategic one. *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984).

To demonstrate prejudice from a failure to call a witness, Petitioner must show that the witness would have testified at trial and that the testimony would have been favorable. *See McCarther*, 775 F.2d at 602. Petitioner must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). This requirement applies to both uncalled expert and lay witnesses. *Id.*

Even if Petitioner's trial counsel's failure to call Mr. Reyes were deficient performance, there is no resulting prejudice here. Petitioner has not demonstrated that Mr. Reyes was available to testify and would have done so. (D.E. 434, p. 7–8); *see Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981) (rejecting uncalled witness claim where petitioner did not offer any facts to show that the witness would have testified, "a proposition that is highly unlikely in light of the fact that [the witness] was charged with participating in the same [crime]."). The mere fact that Mr. Reyes has submitted an affidavit does not show that he was willing and able to testify at the time of Petitioner's sentencing. *See Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (finding expert witness affidavits insufficient where the petitioner "failed to show the expert was available to testify at trial and would have done so"). The Court **DENIES** Petitioner's § 2255 motion as to this ground.

### B. Ground 2: Counsel's Failure to Advise Petitioner

In her second ground, Petitioner alleges Counsel furnished deficient performance by misadvising Petitioner. (D.E. 434, p. 4). Specifically, Petitioner contends, "[Counsel] provided [Petitioner] with false advice. [Counsel] told [Petitioner] there was nothing to worry about it and

it was pointless to fight the government's sentencing position because [Petitioner] would likely receive a sentence of time served regardless of the what the government argued." *Id.* at 5.

The Court understands this argument to relate to the voluntariness of Petitioner's guilty plea due to her sentencing exposure.[3] At her rearraignment hearing, the Court advised Petitioner of the maximum punishment based on the charges contained in Petitioner's indictment. (D.E. 469, p. 32–33). Petitioner stated under oath she understood. *Id.* at 33. The Court asked Petitioner whether her attorney had discussed her sentencing exposure with her. *Id.* at 37. Petitioner stated under oath that she had. *Id.* Petitioner further stated under oath that she was voluntarily pleading guilty to the offense. *Id.* at 38.

Petitioner's sworn statements in open court are entitled to a strong presumption of truthfulness. *See United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). A defendant "cannot contradict [her] sworn statements in court by conclusory statements in a § 2255 motion." *Lynch v. United States*, No. 4:20-CR-0223, 2023 WL 3741646, at *3 (S.D. Tex. Apr. 3, 2023) (Bryan, Mag. J.), *adopted*, No. 4:20-CR-00223, 2023 WL 3740320 (S.D. Tex. May 31, 2023) (Eskridge, J.) (citing *United States v. Sanderson*, 595 F.2d 1021 (5th Cir. 1979)).

Here, Petitioner has provided nothing beyond her own self-serving statements to counter her prior sworn testimony that she understood her sentencing exposure if she proceeded to trial. *See generally* (D.E. 433); (D.E. 434). Petitioner fails to provide specific factual allegations describing the nature or context of Counsel's failure to advise her. *See* (D.E. 433); (D.E. 434). Finally, even if counsel had incorrectly advised Petitioner as to her sentencing exposure—a scenario that is not supported by the record and this Court does not find occurred here—there could

---

[3] To the extent Petitioner is arguing that her trial counsel was ineffective for failing to adequately contest the PSR, the Court addresses that argument below.

8 / 11

be no prejudice because the Court advised Petitioner of her sentencing exposure before she entered her plea. (D.E. 469, p. 32–33). Because Petitioner's conclusory allegations that counsel failed to advise Petitioner are inconsistent with the record, the Court **DENIES** Petitioner's § 2255 motion as to this ground.

### B. Ground 3: Counsel's Failure to Competently Object to the PSR

In her third ground, Petitioner alleges ineffective assistance of counsel because "[a]t sentencing, [Counsel] failed to object to the Presentence Investigation Report's recommendation of a three-level aggravating role enhancement and four level enhancement for transporting a minor." (D.E. 434, p. 5). The record belies this claim. Petitioner's Counsel filed objections challenging these enhancements—arguing for a minor role adjustment and that Petitioner was not participating in the conspiracy at the time the minor was transported. (D.E. 318, p. 2–4). Petitioner's Counsel raised these objections at Petitioner's sentencing hearing. (D.E. 464, p. 5). The Court overruled Petitioner's objections. (D.E. 464, p. 9, 13–15).

Petitioner's Counsel's performance was not deficient merely because the Court overruled her objections. *See United States v. Djuga*, Crim. No. 14-140, 2020 WL 1663126, at *4 (E.D. La. Apr. 3, 2020) (Africk, J.) ("A defendant cannot establish ineffective assistance of counsel on the basis that his counsel failed to object to a sentencing enhancement when defendant counsel did in fact object to the challenged enhancement." (citing *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994))). The Court **DENIES** Petitioner's § 2255 motion as to this ground.

### V. Request for Hearing

Petitioner has requested an evidentiary hearing on her motion. "Section 2255 requires a hearing unless the motion, files, and record of the case conclusively show that no relief is appropriate." *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983) (citing Rule 4(b), § 2255

Rules). Because the record conclusively shows that Petitioner is not entitled to relief on any of the grounds she asserts, the Court **DENIES** her request for a hearing.

### VI. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability ("COA") "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (citing *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Petitioner is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VII. Conclusion

For the foregoing reasons, the Court **GRANTS** the United States' motion for summary judgment, (D.E. 484), and **DENIES** Petitioner's § 2255 motion. (D.E. 433). The Court further **DENIES** Petitioner's request for a hearing and **DENIES** a Certificate of Appealability.

The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
May 27, 2026